**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SUNPOWER CORPORATION, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 94-3008969 | |
| In re: | Chapter 11 |
| SUNPOWER CORPORATION, SYSTEMS, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 20-8248962 | |
| In re: | Chapter 11 |
| SUNPOWER CAPITAL, LLC, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 80-0828450 | |
| In re: | Chapter 11 |
| SUNPOWER CAPITAL SERVICES, LLC, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 47-1889910 | |
| In re: | Chapter 11 |
| SUNPOWER HOLDCO, LLC, | Case No. 24-_____ ([___]) |
| Debtor. | |
| Tax I.D. No. 47-1850454 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER NORTH AMERICA, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4600194 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 32-0513692 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR HOLDINGS, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-5434577 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BRS FIELD OPS, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4452370 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FALCON ACQUISITION HOLDCO, INC., | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 88-1513335 | ) | |

## MOTION OF DEBTORS FOR ENTRY OF
## AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

2

as follows in support of this motion:[1]

### **Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of SunPower Corporation (the parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

2.      The Debtors also seek waiver of the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. § 101–1152 (the "Bankruptcy Code") and rules 1005 and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the case

---

[1]   A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew Henry, Chief Transformation Officer of SunPower Corporation, in Support of the Chapter 11 Filing and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on August 5, 2024 (the "Petition Date") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years.  As an alternative to including this information in each caption, the Debtors propose the foregoing caption, the footnote of which includes a list of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the service address of the Debtors.

3.        The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than SunPower Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of:  SunPower Corporation, Case No. 24-_____ (___); SunPower Corporation, Systems, Case No. 24-_____ (___); SunPower Capital, LLC, Case No. 24-_____ (___); SunPower Capital Services, LLC, Case No. 24-_____ (___); SunPower HoldCo, LLC, Case No. 24-_____ (___); SunPower North America, LLC, Case No. 24-_____ (___); Blue Raven Solar, LLC, Case No. 24-_____ (___); Blue Raven Solar Holdings, LLC, Case No. 24-_____ (___); BRS Field Ops, LLC, Case No. 24-_____ (___); and Falcon Acquisition HoldCo, Inc., Case No. 24-_____ (___).  The docket in Case No. 24-_____ (___) should be consulted for all matters affecting this case.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket of SunPower Corporation, Case No. 24-_____ (___).

## Jurisdiction and Venue

4.        The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

4

District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection

with this motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are section 105(a) of the

Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

### Background

7.      SunPower Corporation, together with its Debtor and non-Debtor affiliates

(collectively, the "Company"), is a leading provider of solar technology and energy products

offering all-in-one residential solar and energy storage solutions to customers located primarily in

the United States and Canada.  Headquartered in Richmond, California, the Company's mission

since its inception has been to reduce greenhouse gas emissions by making home solar energy

more accessible for historically underserved communities.

8.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their

property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases,

and no official committees have been appointed or designated.

### Basis for Relief

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The ten Debtor entities that

commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

RLF1 31313744v.1

Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court

to grant the relief requested herein.

10.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint

administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and
> an opportunity for hearing, upon the filing of a motion for joint
> administration pursuant to Fed. R. Bankr. P. 1015, supported by an
> affidavit, declaration, or verification, which establishes that the joint
> administration of two or more cases pending in the Court under title
> 11 is warranted and will ease the administrative burden for the Court
> and the parties.   An order of joint administration entered in
> accordance with this Local Rule may be reconsidered upon motion
> of any party in interest at any time.  An order of joint administration
> under this Local Rule is for procedural purposes only and shall not
> cause a "substantive" consolidation of the respective debtors'
> estates.

Del. Bankr. L.R. 1015-1.

11.     Joint administration is generally non-controversial, and courts in this district

routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Vyaire*

*Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024) (directing joint administration of

chapter 11 cases); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 8, 2024) (same);

*In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. Apr. 23, 2024) (same); *In re MVK*

*FarmCo LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023) (same); *In re Yellow Corp.*,

No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) (same).[2]

12.     Given the integrated nature of the Debtors' operations, joint administration of these

chapter 11 cases will provide significant administrative convenience without harming the

substantive rights of any party in interest.  Many of the motions, hearings, and orders in these

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion.
        Copies of these orders are available upon request to the Debtors' proposed counsel.

chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration

of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings, objections, or

multiple hearings on common issues.  Joint administration also will allow the Office of the United

States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11

cases with greater ease and efficiency.

13.    Moreover, joint administration will not adversely affect the Debtors' constituencies

because this motion seeks only administrative, not substantive, consolidation of the Debtors'

estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest

will benefit from the (a) cost reductions associated with the joint administration of these chapter 11

cases and (b) ease of reference to one main case docket of SunPower Corporation throughout the

chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these

chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in

interest.

### Notice

15.    The Debtors will provide notice of this motion to:  (a) the Office of the United

States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims

against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the

states in which the Debtors operate; (d) the United States Attorney's Office for the District of

Delaware; (e) the Internal Revenue Service;  (f)  the  United  States  Securities  and  Exchange

Commission; (g) the United States Department of Justice;  (h) the First Lien Agent and counsel

thereto; (i) the Second Lien Agent and counsel thereto; (j) the L/C Secured Party; and (k) any party

that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties").  As

this motion is seeking "first day" relief, within two business days of the hearing on this motion,

the Debtors will serve copies of this motion and any order entered in respect to this motion as

7

required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

## **No Prior Request**

16.     No prior request for the relief sought in this motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached

hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as

the Court deems appropriate under the circumstances.

Dated:   August 5, 2024
         Wilmington, Delaware

*/s/ Jason M. Madron*

| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Kevin Gross (DE Bar No. 209) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Mark D. Collins (DE Bar No. 2981) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Jason M. Madron (DE Bar No. 4431) | Zachary R. Manning (*pro hac vice* pending) |

RICHARDS, LAYTON & FINGER, P.A.
Kevin Gross (DE Bar No. 209)
Mark D. Collins (DE Bar No. 2981)
Jason M. Madron (DE Bar No. 4431)
920 N. King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:       gross@rlf.com
             collins@rlf.com
             madron@rlf.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       joshua.sussberg@kirkland.com
             zach.manning@kirkland.com

- and -

Chad J. Husnick, P.C. (*pro hac vice* pending)
Jeffrey Michalik (*pro hac vice* pending)
Robert Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       chad.husnick@kirkland.com
             jeff.michalik@kirkland.com
             rob.jacobson@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3008969 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, SYSTEMS, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-8248962 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CAPITAL, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0828450 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CAPITAL SERVICES, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1889910 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER HOLDCO, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1850454 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER NORTH AMERICA, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4600194 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 32-0513692 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR HOLDINGS, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-5434577 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BRS FIELD OPS, LLC, | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4452370 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FALCON ACQUISITION HOLDCO, INC., | ) | Case No. 24-_____ ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 88-1513335 | ) | |

2

## ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

1.      The Motion is granted on a final basis as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the docket for Debtor SunPower Corporation, Case No. 24-_____ (___).

3.      The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNPOWER CORPORATION, *et al.*,[1] | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SunPower Corporation (8969); SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 880 Harbour Way South, Suite 600, Richmond, CA 94804.

4.      The foregoing caption fully satisfies the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than SunPower Corporation to reflect the joint administration of these chapter 11 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of:  SunPower Corporation, Case No. 24-_____ (___); SunPower Corporation, Systems, Case No. 24-_____ (___); SunPower Capital, LLC, Case No. 24-_____ (___); SunPower Capital Services, LLC, Case No. 24-_____ (___);

4

SunPower HoldCo, LLC, Case No. 24-_____ (___); SunPower North America, LLC, Case No. 24-_____ (___); Blue Raven Solar, LLC, Case No. 24-_____ (___); Blue Raven Solar Holdings, LLC, Case No. 24-_____ (___); BRS Field Ops, LLC, Case No. 24-_____ (___); and Falcon Acquisition HoldCo, Inc., Case No. 24-_____ (___). The docket in Case No. 24-_____ (___) should be consulted for all matters affecting this case.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket for SunPower Corporation, Case No. 24-_____ (___).

6.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating these cases.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.